IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REX A. BILLINGS,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,

        Defendant.
_____

Civil No. 06-6306-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Rex Billings ("Billings") seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's decision should be reversed and remanded for further proceedings.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born in 1957, Billings reports a high school education. Tr. 102, 105.[1] Between 1987 and 2002, Billings worked as a Navy electrician, maintenance technician, water treatment fabricator, and wood products assembler. Tr. 115.

Billings filed a DIB application October 3, 2003. Tr. 50-52. He alleges disability since August 31, 2002, due to "bad lower back," right shoulder arthritis, and "limited use of dominate left hand." Tr. 96. Billings' application was denied initially and upon reconsideration. After a December 2005 hearing before an Administrative Law Judge ("ALJ"), the ALJ found Billings not disabled. Tr. 16-25. The Appeals Council denied review of the ALJ's decision. Tr. 7-8. This action made the ALJ's decision the Commissioner's final decision, from which Billings filed this appeal.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Billings challenges the ALJ's evaluation of the evidence and his conclusions at step two.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment"

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer April 9, 2007 (Docket #11).

that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the ALJ determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. § 404.1520(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the ALJ finds the claimant can do his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999), 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience."

3 - FINDINGS AND RECOMMENDATION

*Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

## THE ALJ'S FINDINGS

At step one in the sequential proceedings, the ALJ found that Billings had engaged in substantial gainful activity in 2004, but continued with the sequential analysis for the remaining period of disability. Tr. 18. The ALJ found that Billings had the following "severe" impairments at step two: "history of ganglion cyst post excision; history of carpal tunnel syndrome; mild degenerative arthritis; history of clavicle fracture; age-related degenerative spine changes; and history of myofascial strain." Tr. 18. The ALJ found Billings' mood disorder non-severe at step two and found that Billings' severe impairments did not meet or equal a listed impairment at step three. Tr. 19. The ALJ subsequently found Billings' allegations of disability "not entirely credible" and assessed Billings' RFC as follows:

> The claimant has the residual functional capacity to occasionally lift and carry 20 pounds, frequently lift and carry ten pounds, stand and/or walk for six hours in an eight hour day, sit for six hours in an eight hour day, and do unlimited pushing and pulling. He can occasionally climb ramps, stairs, ladders, and scaffolds. He can occasionally stoop, crouch and crawl. He can do strenuous persistent labor. He needs to avoid operation of dangerous machinery. He cannot perform forceful use of hand tools.

*Id.* The ALJ found that Billings could not perform his past relevant work at step four, but that he could work perform significant work in the national economy at step five. Tr. 25. The ALJ therefore found Billings not disabled. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, __ F.3d __ (2007 WL 2874403) at *5 (9th Cir. October 5, 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Billings contends the Commissioner failed to find his mental impairments "severe" at step two and improperly evaluated his disability rating by the Department of Veterans Affairs ("VA"). He also challenges the ALJ's assessment of his credibility. Billings contends that based on the foregoing errors, the ALJ crafted an inappropriate RFC, which resulted in the erroneous conclusion at step five that Billings could perform other work existing in significant numbers in the national economy.

**I.      The ALJ's Step Two Findings**

Billings submits that the ALJ failed to find his mental impairments severe at step two. Pl. Opening Br. 16-18. At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. § 404.1520(c), *see*

also 20 C.F.R. § 404.1521. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. § 404.1509.

This court notes that the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2). The ALJ considered Billings' mental health treatment and VA disability opinions and treatment records in detail. Tr. 22-23. Because the ALJ proceeded beyond step three, any omission regarding a step two severity finding is harmless. *Lewis v. Astrue*, __ F.3d ___ (9th Cir. 2007) (2007 WL 2325018) at *2.

## II.     Veteran's Administration Disability Decision

Billings contends the ALJ failed to give proper weight to a VA rating of disability and unemployability. The VA awarded Billings a 50 percent service-connected disability rating on September 3, 2003. Tr. 54. This rating was based upon Billings' degenerative joint disease of the lumbar spine, residual right clavicle fracture, and residual traumatic left thumb laceration. *Id.*

On June 20, 2005, the VA wrote that "entitlement to individual unemployability is denied" because Billings "has not been found unable to secure or follow a substantial gainful occupation as a result of service connected disabilities. Tr. 71.[2] The VA continued to rate Billings' combined impairments at 50 percent. Tr. 66.

On December 12, 2005, the VA added a 50 percent service-connected disability due to a mood disorder secondary to his back impairment. Tr. 83. At that time, the VA indicated that

---

[2]In that same letter, the VA indicated Billings was unemployable due to "non-service connected" factors. *Id.*

Billings's overall, or combined, disability rating was 70 percent "as of November 4, 2004." Tr. 180. The VA thus found Billings eligible for VA unemployability status effective November 4, 2004. Tr. 180. The VA rating calculations are not challenged by either party here.

While an ALJ must carefully consider VA disability ratings, he is not bound by another agency's determination of disability. *McCartey v. Massinari*, 298 F.3d 1072, 1076 (9th Cir. 2002), 20 C.F.R. § 404.1504. Before an ALJ may reject the VA findings, however, he must give "persuasive, specific, valid reasons for doing so that are supported by the record."*Id.*

The ALJ noted the VA's mental health treatment records and gave only cursory consideration to the VA disability rating, stating: "Although the VA eventually found claimant to have a service-related mood disorder, the undersigned . . . finds that claimant's depression is situational and not severe." Tr. 23. The ALJ's evaluation of the VA disability rating is vague[3] and not adequately supported by the record.

VA psychiatrist Dr. Kirkendall evaluated Billings on November 4, 2004. Tr. 446-451. He diagnosed "Social Phobia and Major Depressive Disorder, recurrent, mild." Tr. 451. Dr. Kirkendall noted,

> Billings clearly presented as a depressed individual. Research suggests that the number one issue with regards to depression in men is their ability to work and earn a living. Mr. Billings indicated that due to his service connected traumatic arthritis and resulting chronic pain, he is not able to work at this time. Thus, it is most likely that Mr. Billings' depression is being caused by his traumatic arthritis, chronic pain, and resulting inability to work.

---

[3]The ALJ, the Commissioner and the parties mistakenly focus on the question of whether Billings' mental impairments are severe at step two of the sequential analysis. The issue is not the severity of Billings' mood disorder (depression), but the effect of that mood disorder on Billings' ability to work when evaluated in combination with his other impairments. 20 C.F.R. § 404.1545(e).

7 - FINDINGS AND RECOMMENDATION

Tr. 448. Dr. Kirkendall's opinion supports the VA's finding of unemployability and the ALJ did not adequately address this opinion in discounting the VA rating.

Similarly, the ALJ's reliance on comments in Exhibit 10F.32 to support his decision is misleading. Tr. 23. In progress notes dated September 1, 2005, an unidentified VA provider noted that Billings' "depression did not prevent him from doing most kinds of work," but specifically did not address whether that depression, in combination with other physical impairments, rendered Billings unable to maintain employment. Tr. 460.

In summary, this court finds that the ALJ failed to give "persuasive, specific, valid reasons" for discounting the VA disability rating effective November 4, 2004. *McCartey*, 298 F.3d at 1076. The ALJ must evaluate the VA rating in light of Billings' mental impairments in combination with the physical impairments identified at step two of the sequential analysis. See Tr. 18. This analysis must account for all of Billings' impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2).

### III. Credibility

The ALJ found Billings' "statements concerning the intensity, duration and limiting effects of [his] symptoms . . . not entirely credible." Tr. 19. The ALJ based his credibility finding upon Billings' observed activities, his work history, and the medical record Tr. 19, 22. Billings contends that the ALJ failed to apply the appropriate legal standard. Pl. Opening Br. 15-16.

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter* at *6 (citing *Bunnell v. Sullivan*, 947 F.2d 341,

344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*. Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

      The ALJ noted that Billings reported to physicians that he was walking a mile and a half every day and found that the record demonstrates that Billings "was able to stay active." Tr. 22. The ALJ also noted that Billings could "walk, get up from chairs, and move about with no difficulty," and that Billings "was observed to have driven himself to medical appointments." Tr. 22, 23. The ALJ found that Billings had performed substantial gainful activity during the summer of 2004, "which is extremely inconsistent with his claims of complete disability." TR. 22. The ALJ also noted that Billings offered contradictory testimony regarding his employment termination. Tr. 20. Finally, the ALJ reviewed Billings' medical records and specifically highlighted evidence that contradicted Billings' allegations of total disability. Tr. 19-23.

      The ALJ's evaluation of Billings credibility applied the correct legal standard and was appropriate. The Ninth Circuit has stated in the context of an ALJ's credibility determination

that, "Although the evidence of [claimant's] daily activities may also admit of an interpretation more favorable to [claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81 (*citing Magallanes*, 881 F.2d at 750). Here, the ALJ's credibility findings, considered together, provide adequate reasons for questioning Billings' credibility. *Smolen*, 80 F.3d at 1284.

## REMAND

In light of my conclusion that the ALJ failed to properly evaluate Billings' VA ratings, this court has discretion to remand for further proceedings or for immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Brown*, 876 F.2d 759, 763 (9th Cir. 1989).

In *McCartey*, the Ninth Circuit remanded for an award of benefits, stating "The record is fully developed and, giving great weight to the VA disability rating, a finding of disability is clearly required." 298 F. 2d 1077. Here, I conclude that the record is not fully developed and recommend that this matter be remanded for further proceedings to consider the VA rating, giving it the great weight required in this circuit, in the context of the full medical record including Dr. Kirkendall's opinion regarding Billings' mood disorder. If the ALJ again rejects the

VA disability rating, he must provide "persuasive, specific, valid reasons" based on the record for doing so. *McCartey*, 298 F.3d at 1076.

## CONCLUSION

This court recommends reversing the decision of the Commissioner and remanding this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 9, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 25th day of October, 2007.

    /s/ Paul Papak
Paul Papak
United States Magistrate Judge